**MANDATE**

18-2817(L)
Cartwright v. D'Alleva

N.Y.S.D. Case # 17-cv-5953(AT)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 31st day of October, two thousand nineteen.

Present:   ROSEMARY S. POOLER,
           JOSEPH F. BIANCO,
                   *Circuit Judges*
           JENNIFER CHOE-GROVES,
                   *Judge*.[1]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Nov 21 2019

MORGAN P. CARTWRIGHT,

    *Plaintiff-Appellant-Cross-Appellee*,

v.                                                                                                   18-2817 (L)
                                                                                                     18-2852 (XAP)

DOMINICK D'ALLEVA, PHILIP A. EPSTEIN,
LANCE PETERSON, JAMES A. WATT,
GSO CAPITAL PARTNERS

    *Defendants-Appellees-Cross-Appellants*,[2]

Appearing for Plaintiff-Appellant:   Morgan P. Cartwright, pro se, Cambria Heights, NY.

---

[1] Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

[2] The Clerk of Court is directed to amend the caption as above.

**MANDATE ISSUED ON 11/21/2019**

Appearing for Defendants-Appellees:   Benjamin A. Geslison, Baker Botts LLP (Danny David, *on the brief*), Houston, TX.

Appeal from the United States District Court for the Southern District of New York (Torres, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the matter be and it hereby is **AFFIRMED**.

Appellant Morgan Cartwright, pro se, appeals from the August 27, 2018 judgment of the United States District Court for the Southern District of New York (Torres, *J.*) granting defendants' motion to dismiss. Defendants cross-appeal the denial of sanctions under Federal Rule of Civil Procedure 11 and the Private Securities Litigation Reform Act ("PSLRA"). His suit alleged various claims against executives of Warren Resources, Inc. ("Warren") and others under the Securities Exchange Act and common law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). We also review de novo a district court's determination that a plaintiff lacked standing to sue. *Rajamin v. Deutsche Bank Nat'l Trust Co.*, 757 F.3d 79, 84–85 (2d Cir. 2014).

To state a claim for fraud under Section 10(b) and SEC Rule 10b-5, "a plaintiff must plead that the defendant made a false statement or omitted a material fact, with scienter, and that plaintiff's reliance on defendant's action caused plaintiff injury." *Kalnit v. Eichler*, 264 F.3d 131, 138 (2d Cir. 2001) (internal quotation marks omitted). In addition, under Federal Rule of Civil Procedure 9(b) and the PSLRA, a plaintiff must allege fraud with particularity. *Id.*

Cartwright argues on appeal that he alleged sufficient facts to establish fraud in the Citrus Energy deal. But as the district court properly found, the complaint failed to identify any statement made by defendants where the amount of acreage was actually misrepresented. Cartwright also contends that the complaint sufficiently pled misrepresentations in statements made about Warren's financial health prior to its bankruptcy. We agree with the district court, however, that this argument is foreclosed by our opinion in *Lasker v. N.Y. State Elec. & Gas Corp.*, 85 F.3d 55, 59 (2d Cir. 1996) (mere "puffery" does not constitute a materially misleading statement). The statements identified in the complaint were either too vague to be materially misleading, or not the type of statements on which a reasonable investor would rely. Statements that are "too general to cause a reasonable investor to rely upon them" are not actionable. *ECA & Local 134 IBEW Joint Pension Trust of Chicago v. JP Morgan Chase Co.*, 553 F.3d 187, 206 (2d Cir. 2009).

A federal court sitting in diversity applies the choice of law rules of the state in which the court sits. *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 672 F.3d 155, 157 (2d Cir. 2012). In New York, the laws of the state of incorporation govern a claim of a breach of fiduciary duty.

*Walton v. Morgan Stanley & Co., Inc.*, 623 F.2d 796, 798 n.3 (2d Cir. 1980). Here, Warren was incorporated in Maryland, so Maryland law controls.

Under Maryland law, an individual shareholder can bring a direct action against the corporation in limited circumstances, namely when the shareholder suffers a distinct injury separate from the corporation. *Oliveira v. Sugarman*, 152 A.3d 728, 742 (Md. 2017). Cartwright argues on appeal that he incurred this type of direct harm when defendants overpaid for the Citrus Energy acres and misrepresented Warren's subsequent financial distress, causing its eventual bankruptcy. But the harm in question first affected the corporation's business, not the shareholders. *Cf. Strougo v. Bassini*, 282 F.3d 162, 175 (2d Cir. 2002) (concluding that shareholders adequately pled a direct claim under Maryland law because they asserted injuries that were not based on a "reduction in the value of the [company's] assets or any other injury to the [company's] business"). Accordingly, the district court appropriately determined that Cartwright lacked standing for the breach of fiduciary duty claims and the related aiding and abetting claims.

We review decisions as to sanctions under the PSLRA and Rule 11 for abuse of discretion. *See ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009). "A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal citations and quotation marks omitted).

Defendants argue that the district court accorded too much deference to Cartwright's pro se status in denying the motion for sanctions. We disagree. Cartwright's knowledge of the bankruptcy proceedings did not neccessarily show that he possessed an understanding of claim or issue preclusion, and it was not outside the realm of permissible decisions to deny sanctions. *See Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008).

Further, the district court did not abuse its discretion by rejecting defendants' remaining arguments for sanctions. "Sanctions are not to be imposed for unsuccessful litigation of a cognizable claim." *O.N.E. Shipping Ltd. v. Flota Mercante Grancolombiana, S.A.*, 830 F.2d 449, 454 (2d Cir. 1987). The mere fact that Cartwright's claims were ultimately meritless did not mean sanctions were warranted under Rule 11.

We have considered the remainder of the parties' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3